**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:**

**JAMES L. PARIS,**
     **Debtor.**

_____

**JAMES L. PARIS,**
     **Appellant,**

**-vs-**           **Case No. 6:06-cv-1084-Orl-19JGG**

**UNITED STATES OF AMERICA,**
     **Appellee.**

_____

## ORDER

Appellant James L. Paris appeals from an Order of the United States Bankruptcy Court for the Middle District of Florida ("Bankruptcy Court") granting summary judgment in favor of Appellee United States of America in an adversarial proceeding related to Appellant's voluntary Chapter 7 Bankruptcy petition. (Bankr. Dkt. No. 83, filed June 13, 2006, pp. 4, 10).[1] This case comes before the Court on the following:

1.  Brief For Appellant James Paris (Doc. No. 15, filed September 13, 2006);

2.  Brief For Appellee United States of America (Doc. No. 18, filed September 28, 2006); and

3.  Reply Brief For Appellant (Doc. No. 19, filed October 10, 2005).

---

[1] References to the Bankruptcy Court refer to docket entries for the bankruptcy Adversary Proceeding No. 3:05-ap-00264-JAF.

**Background of the Case**

Appellant was the owner, president and registered agent of James L. Paris Financial

Services, Inc. (the "corporation"). (Bankr. Dkt. No. 33, "Plaintiff's Response To Defendant's

Request For Admissions", p. 1, hereinafter "Resp. to Adm."). Thus, he had the authority to

hire, fire and manage the employees of the corporation, had the authority to direct the

payment of the corporation's bills, and had the authority to determine the financial policy

of the corporation. (*Id.* at 1-3). Appellant could negotiate on behalf of the corporation in its

dealings with its suppliers, clients, and customers. (*Id.* at 2). He also had the authority to

open and close corporate bank accounts, sign the checks of the corporation, and to make

deposits and authorize deposits to the corporate bank accounts. (*Id.* at 2-3).

Appellant hired his brother Carmen Paris to work as the vice president of the

corporation. (*Id.* at 3). Carmen was an authorized bank signatory for the corporation and

signed checks on the corporation's accounts until he left its employment in June 2002.[2] (*Id.*

at 3). He also signed the "Employer's Quarterly Federal Tax Return" of the corporation for

the tax periods ending March 31, 2000, June 30, 2000, December 31, 2000, March 31,

2001, June 30, 2001, and September 2001. (*Id.* at 3).

On June 8, 2002, Appellant was informed by an employee of the Internal Revenue

Service ("IRS") that the corporation was delinquent in its payroll tax obligations beginning

with the tax period ending June 30, 2000. (Doc. No. 2, Ex. 51, June 6, 2006 Hearing, pp.

---

[2] The circumstances surrounding the termination of Carmen Paris are disputed by the parties and, in any event, are relevant only tangentially to the findings of fact and conclusions of law of the Bankruptcy Court. For the benefit of the reader, Appellant alleges that without his knowledge Carmen embezzled the corporation's funds while serving as vice president of the corporation. (Doc. No. 15, pp. 5-6).

22-23, hereinafter "June 30, 2006 Hearing"). At that time, the corporation had unencumbered funds in its accounts, or it acquired such funds thereafter. (Bankr. Dkt. No. 83, p. 9 n. 8). After this date, Appellant opened a new corporate bank account and signed checks drawn on the corporation's accounts. (Resp. to Adm. at 2-3). He authorized the issuance of corporate payroll checks, signed such payroll checks, and signed the corporation's federal payroll tax returns. (*Id.* at 2-3). More specifically, Appellant signed the following checks drawn on the corporation's bank account after June 8, 2002:

| Date | Payee | Amount |
|---|---|---|
| June 13, 2002 | Century Small Business | $250.00 |
| June 17, 2002 | Carol Brown | $1,051.37 |
| June 17, 2002 | State Farm Insurance | $129.13 |
| July 20, 2002 | Benjamin Moore | $1,000.00 |
| June 26, 2002 | Pappas Law Firm | $900.00 |
| June 26, 2002 | Benjamin Moore | $250.00 |
| July 10, 2002 | Charles Sizemore | $556.47 |
| July 19, 2002 | [illegible] | $100.00 |
| July 30, 2002 | [illegible] | $100.00 |
| July —, 2002 | OC Fund | $184.80 |
| August —, 2002 | [illegible] Paris | $200.00 |
| August 1, 2002 | Sharon Paris | $112.35 |
| August 2, 2002 | Carol Brown | $1,051.37 |
| August 6, 2002 | Century Small Business | $250.00 |
| August 7, 2002 | Sharon Paris | $100.00 |
| August 12, 2002 | Cathy Tuttle | $350.00 |
| August 16, 2002 | Carol Brown | $1,051.37 |

| Date | Payee | Amount |
|------|-------|--------|
| August 29, 2002 | [memo line: Legal Fees] | $1,500.00 |

(*Id.* at 3). He also signed the "Employer's Quarterly Federal Tax Return" of the corporation for the tax periods ending March 31, 2002 and June 30, 2002. (*Id.*).

On April 9, 2004, the IRS assessed trust fund recovery penalties ("Trust Fund Penalties") against Appellant pursuant to Title 26 U.S.C. § 6672, otherwise known as Section 6672 of the Internal Revenue Code, for payroll taxes which were withheld from the wages of employees of the corporation but not paid over to the IRS. (Bankr. Dkt. No. 83, pp. 3-4). Specifically, the assessed Trust Fund Penalties were as follows:

| Tax Period Ending | Assessment Amount |
|-------------------|-------------------|
| June 30, 2000 | $5,754.03 |
| September 30, 2000 | $13,510.39 |
| December 31, 2000 | $7,359.09 |
| March 31, 2001 | $7,354.15 |
| June 30, 2001 | $4,628.43 |
| September 30, 2001 | $3,629.09 |
| December 31, 2001 | $540.22 |
| March 31, 2002 | $6,212.16 |
| June 30, 2002 | $4,619.68 |
| September 30, 2002 | $1,410.24 |
| December 31, 2002 | $198.63 |

(*Id.* at 4).

Appellant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 2, 2005, and on that same day he filed the adversarial proceeding leading

to this appeal. (*Id.* at 4). In the adversarial proceeding, Appellant sought a determination that he was not liable for the Trust Fund Penalties and that any such liability was dischargeable. (*Id.*). Upon consideration of Appellee's Motion for Summary Judgment, the Bankruptcy Court found (1) that Appellant was liable for the Trust Fund Penalties assessed against him pursuant to Section 6672 of the Internal Revenue Code for the periods ending June 30, 2000 through December 31, 2002 and (2) that such Trust Fund Penalties were excepted from discharge pursuant to Title 11 U.S.C. § 523(a)(1)(A). (*See* Bankr. Dkt. No. 83). Appellant timely appealed this Order, and the Court has jurisdiction pursuant to Title 28 U.S.C. § 158(a).

**Standard of Review**

In reviewing an order of a Bankruptcy Court, this Court reviews the Bankruptcy Court's legal conclusions *de novo*, but it must accept the Bankruptcy Court's factual findings unless they are clearly erroneous. FED. R. BANKR. P. 8013; *Rush v. JLJ Inc.* (*In re JLJ Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993). This Court may not make independent factual findings. *In re JLJ Inc.*, 988 F.2d at 1116.

**Analysis**

"Section 6672 imposes liability upon (1) a responsible person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes." *Thosteson v. United States*, 331 F.3d 1294, 1298 (11th Cir. 2003).[3] Appellant concedes

---

[3] The general rule for personal liability for unpaid payroll taxes is set forth in Section 6672(a) of the Internal Revenue Code, which provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or

that he a responsible person but raises two issues, one evidentiary and the other relating to willfulness. (Doc. No. 15, p. 10). The Court addresses each of these issues in turn. Initially, however, the Court finds that the facts and legal arguments are adequately presented in the litigants' briefs and the record itself and that its decision would not be significantly aided by oral argument. *See* FED. R. BANKR. P. 8012. Therefore, the Court denies Appellant's request for oral argument.

### *Objections to the Bankruptcy Court's Findings of Fact*

Appellant takes issue with the Bankruptcy Court's consideration of Appellee's Motion for Summary Judgment on the evidence of record without giving Appellant an opportunity to depose Carmen Paris and two IRS employees. (Doc. No. 10-12). He also contends that such witnesses "would have supported his claim that he was not willful in the non-payment of his corporation's payroll taxes." (*Id.* at 12).

Appellant's contentions are unfounded for two reasons. First, the findings of fact of the Bankruptcy Court are restricted to the undisputed facts of record as evidenced by Appellant's Response To Defendant's Request for Admissions, the oral stipulation of the parties from the June 6, 2006 hearing before the Bankruptcy Court, and the undisputed Exhibits attached to Appellee's Motion for Summary Judgment. (*Compare* Resp. to Adm., pp. 1-5; June 6, 2006 Hearing, pp. 22-23; Bankr. Dkt. No. 36, filed April 20, 2006, Exs. C, J *with* Bankr. Dkt. No. 83, pp. 1-4). Even if the Bankruptcy Court had not restricted its

---

defeat any such tax or the payment thereof, shall . . . be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . .

26 U.S.C. § 6672(a).

findings of fact to the admissions contained within Appellant's response, Appellant's failure to timely respond to an the request for admissions served to place Appellee's requests as "admissions on file." *United States v. 2204 Barbra Lane*, 960 F.2d 126, 129 (11th Cir. 1992). Further, Appellant did not seek to withdraw such admissions under Federal Rule of Civil Procedure 36(b), nor did the Bankruptcy Court make the findings necessary to withdraw such admissions. *See Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002) (requiring the application of the two-part test of Rule 36(b) before a court can withdraw the admissions of a party).

Secondly, none of avenues of questioning for these witnesses that were suggested by Appellant in his brief are relevant to Appellant's actions after June 8, 2002. On this date, as the parties agree, Appellant was made aware of the corporation's delinquent payroll tax obligations. (June 6, 2006 Hearing, pp. 22-23). It is also the beginning of the time period that is relevant to the findings of fact and conclusions of law of the Bankruptcy Court regarding Appellant's willfulness.

Therefore, the Court finds that the Bankruptcy Court's factual findings are not clearly erroneous.

### *Objection to the Bankruptcy Court's Conclusion of Law*

The sole remaining issue in this appeal is whether Appellant willfully failed to pay over the withheld payroll taxes to the IRS. Appellant argues that he did not willfully fail to pay over the funds to the IRS because (1) Carmen embezzled the funds withheld for such purpose without his knowledge and (2) there were no "unencumbered funds" available to the corporation to pay the back taxes when Appellant "regained" control of the corporation. (*Id.*, 9-13). In opposition, Appellee contends that the Bankruptcy Court correctly found

willfulness where Appellant continued to draw funds from the corporation's accounts to pay various creditors after he became aware of the corporation's delinquent payroll tax obligations. (Doc. No. 18, pp. 8-9). Additionally, Appellee avers that Appellant made no effort before the Bankruptcy Court to show that the corporation's funds were encumbered and that he admitted to paying corporate funds to other creditors after June 8, 2002. (*Id.* at 10-11).

Once it is established that a taxpayer is a responsible person, he assumes the burden of proving lack of willfulness. *George v. United States*, 819 F.2d 1008, 1011 (11th Cir 1987). Although the Supreme Court has ruled that Section 6672 precludes the imposition of trust fund recovery penalties without personal fault, the willfulness requirement of Section 6672 has been interpreted by courts to broadly encompass a range of actions by responsible persons. *Id.* (citing *Slodov v. United States*, 436 U.S. 238, 255 (1978)). In *Mazo v. United States*, 591 F.2d 1151, 1155 (5th Cir. 1979), the predecessor court to the Eleventh Circuit defined "willfully" as "meaning, in general, a voluntary, conscious and intentional act." It does not require a fraudulent or other bad motive on the part of the responsible person. *Id.* The willfulness requirement of Section 6672 is satisfied where there is evidence that the responsible person had knowledge of payments to other creditors after he became aware of the failure to remit withholding taxes. *Smith v. United States*, 894 F.2d 1549, 1553 (11th Cir. 1990). Even if the responsible person is unaware that withholding taxes have gone unpaid in past quarters, one who becomes aware that taxes have gone unpaid in past quarters in which he was also a responsible person is under a duty to use all unencumbered funds available to the corporation to pay those back taxes. *Thosteson v. United States*, 331 F.3d 1294, 1301 (11th Cir. 2003).

Appellant admits that he was the president of the corporation with concomitant authority during the tax periods identified in the Order of the Bankruptcy Court. He admits that he became aware that the corporation had failed to pay over to the IRS payroll taxes on June 8, 2002. Nevertheless, Appellant continued to write check after check of the corporation's funds to creditors other than the IRS, such as Century Small Business, Sharon Paris, State Farm Insurance, and OC fund, after June 8, 2002. Such conduct is sufficient to support a finding of willfulness. *Thosteson*, 331 F.3d at 1301.

Moreover, the Bankruptcy Court found that the funds paid by Appellant to the corporation's suppliers, employees, and attorneys were unencumbered. (Bankr. Dkt. No. 83, p. 9, n. 8). Appellant generally avers that such funds are encumbered under state and federal securities law, but he provides no citation to authority for his assertion. (Doc. No. 15, *passim*). The Bankruptcy Court concluded that Appellant had failed to allege that he was legally obligated to use such funds for any purpose other than satisfying the corporation's payroll tax obligations. (Bankr. Dkt. No. 83, p. 9, n. 8). Likewise, Plaintiff presents no argument to this Court as to how the creditors identified in the Order of the Bankruptcy Court held a superior legal interest in the corporate funds paid over to them after June 8, 2002 than the IRS.

Thus, the Court finds no error in the Bankruptcy Court's conclusion that Appellant willfully fails to pay over to the IRS withheld payroll taxes.

**Conclusion**

Based on the foregoing, the June 13, 2006 Order of the Bankruptcy Court and its

findings of fact and conclusions of law are **AFFIRMED**. Further, Appellant's request for oral

argument is **DENIED** by the Court.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 10 , 2006.

_____

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party